**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| BETTYE BEAVEN a/k/a<br>BETTYE BLUMINGBERG,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | Civil Action File No.:<br><br>3:25-cv-00109-CDL |

**SCHEDULING AND DISCOVERY ORDER**

The parties held a Rule 26(f) conference on **July 28, 2025**. In accordance with the Court's Rules 16 and 26 Order dated **July 02, 2025**, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I. Nature of the Case:**

**This is a tort action in which Plaintiff alleges Defendant is liable to her for damages sustained when she slipped on a liquid substance on the floor at a Kroger store located at 4753 Atlanta Highway, Loganville, GA 30052 on April 13, 2024.**

**II. Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the parties:

**For Plaintiff:** William Arnold, Esq.
The Arnold Law Firm
160 Clairemont Avenue, Ste. 200
Decatur, Georgia 3030
Phone: 404-692-5251
Email: will@thearnoldlawfirm.com

**For Defendant:** Matthew G. Moffett, Esq.
Sarah Raquel L. Lisle, Esq.
Regina M. Taylor, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Moffett Direct Phone: (404) 870-7390
Moffett Direct Facsimile: (404) 870-1030
Moffett Email: mmoffett@grsmb.com
Lisle Direct Phone: (404) 870-7386
Lisle Direct Facsimile: (404) 870-1033
Lisle Email: slisle@grsmb.com
Taylor Direct Phone: (404) 870-1038
Taylor Direct Facsimile: (404)870-7374
Taylor Direct Email: rtaylor@grsmb.com

**III. Complaint and Answer filing dates:**

Complaint was filed: **April 14, 2025**

Answer was filed: **June 30, 2025**

**IV. Discovery Deadlines:**

**A. Time for Discovery**

The time for discovery in this case shall expire **January 30, 2026,** that being no more than 180 days after the submission of the Proposed Order to the Court.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

**B. Scope of Discovery**

Negligence, proximate causation, and damages; contributory or comparative negligence, equal or superior knowledge; assumption of the risk.

**C. Electronically Stored Information**

**Discovery has not yet commenced and therefore it is unknown whether discoverable materials have been electronically created, maintained or stored. The parties have agreed that should discoverable materials be revealed during the course of discovery they will meet and discuss the sources and scope of the production of such items and the format for the production of such items for the purposes of agreements relative to the production of such items. The parties do not waive any potential objections to discovery requests by making this statement**.

**D. Privilege Claims**

**The parties may have materials that are privileged pursuant to attorney-client privilege, attorney work-product privilege, and**

**anticipation of litigation privilege. The parties agree to meet and confer to address any potential issues regarding privileged materials.**

**E. Witnesses to be Deposed**

- **Expert witnesses designated by the Parties.**
- **A corporate representative of The Kroger Co.**
- **Other individuals identified by the Parties as having relevant personal knowledge relating to the subject incident.**

**F. Expert Witnesses**

Discovery is ongoing in this case and parties have not yet determined expert witnesses. The parties do not waive any potential objections to discovery requests by making this statement.

**1. Designation of Experts**

The Plaintiff must disclose the identity of any expert witness on or before **October 30,2025**, that being no more than 90 days after the submission of the Proposed Order to the Court.

The Defendant must disclose the identity of any expert witness on or before **November 30, 2025,** that being no more than 120 days after the submission of the Proposed Order to the Court.

**2. Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before **January 6, 2026**, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**G. Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The parties will discuss a consent motion for protective order for protected commercial information of Defendant.

**H. Discovery Disputes**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the parties shall meet "in person" and attempt in good faith to resolve the discovery dispute. If the dispute remained unresolved and a motion is filed, counsel shall

certify that they met in person in good faith and were nevertheless unable to resolve the dispute.

## V. Time for Filing Motions:

### A. <u>Motions to Amend the Pleadings or to Join the Parties</u>

All motions seeking to amend the pleadings or to join parties must be filed no later than **<u>August 30, 2025,</u>** that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### B. <u>Dispositive Motions</u>

All dispositive motions must be filed no later than **<u>March 2, 2026</u>**, that being no more than 30 days after the expiration of discovery in this case.

### C. <u>Daubert Motions</u>

All Daubert motions must be filed no later than **<u>March 2, 2026</u>**, that being no more than 30 days after the expiration of discovery in this case.

## VI. Certification of the Parties and Counsel:

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 30th day of July, 2025.

*/s/ William Arnold*
William Arnold, Esq.
Georgia Bar No.:498396
Attorney for Plaintiff

*/s/ Regina M. Taylor*
Matthew G. Moffett, Esq.
Georgia Bar No.: 515323
Sarah Raquel L. Lisle, Esq.
Georgia Bar No.: 412593
Regina M. Taylor, Esq.
Georgia Bar No.: 953249
*Attorneys for Defendant The Kroger Co.*

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order Completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plain and **MAKES IT THE ORDER OF THE COURT**.

SO ORDERED, this 1st day of August, 2025.

_____s/Clay D. Land_______
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT