IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BETTYE BEAVEN a/k/a BETTYE     *
BLUMINGBERG,
                               *
    Plaintiff,
                               *
vs.                                    CASE NO. 3:25-cv-109 (CDL)
                               *
THE KROGER CO.,
                               *
    Defendant.
                               *

_____

O R D E R

While shopping at a Kroger store, Bettye Beaven slipped and fell on creamer that had spilled onto the floor.  Beaven brings this action under Georgia premises liability law for personal injuries she sustained and seeks punitive damages and litigation expenses.  Pending before the Court is Kroger's motion for partial summary judgment on Beaven's claims for punitive damages and litigation expenses (ECF No. 14).  For the reasons that follow, the motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence

is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### FACTUAL BACKGROUND

On April 13, 2024, Beaven visited Defendant Kroger's store in Loganville, Georgia. Surveillance footage shows that, at approximately 2:48 P.M., a substantial quantity of creamer spilled onto the floor of the frozen foods aisle. Video Footage of Incident 00:00-00:13 (Apr. 13, 2024) (on file with the Court). A Kroger employee was present in the immediate vicinity when the spill occurred. *Id.* For the next several minutes, customers continued to traverse the aisle, walking through or around the spilled creamer. *Id.* at 00:11-00:20; 02:03-02:10; 04:37-04:46; 08:42-08:59; 13:00-13:07. At approximately 2:58 P.M., two Kroger employees are seen observing the area where the spill occurred. *Id.* at 10:38-11:06. At approximately 3:01 P.M., Beaven entered the aisle. *Id.* at 13:08. As she proceeded down the aisle looking at the merchandise in the frozen foods section, Beaven slipped on the spilled creamer and fell. *Id.* at 13:08-13:20.

The store leader testified that Kroger policy required employees to immediately secure the area of a spill by placing a caution cone, blocking off the area, or cleaning the spill. Arevalo Dep. 10:19-11:5, ECF No. 23. The video footage does not show any caution cones, barricades, cleanup efforts, or other warning measures during the period between the spill and Beaven's fall.

DISCUSSION

Beaven asserts a Georgia law premises liability claim against Kroger, and she contends that she is entitled to recover punitive damages and expenses of litigation from Kroger.[1] Kroger seeks summary judgment on Beaven's claims for punitive damages and expenses of litigation.

Beaven argues that Kroger's failure to remedy the spill even though its employees had notice of it creates a jury question on punitive damages. To recover punitive damages in a premises liability action, Beaven must "prove[] by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "Something more than the mere commission of a tort is always required for punitive damages.

---

[1] Neither party disputes that Georgia law applies in this diversity action where the events giving rise to the action occurred in Georgia.

There must be circumstances of aggravation or outrage." *Duncan v. Klein*, 720 S.E.2d 341, 347 (Ga. Ct. App. 2011)(quoting *Brooks v. Gray,* 585 S.E.2d 188, 189 (Ga. Ct. App. 2003)).

Viewing the evidence in the light most favorable to Beaven, a reasonable jury could conclude that Kroger employees failed to timely respond to the spill. But negligence, "even gross negligence, is inadequate to support a punitive damage award." *Id.* (quoting *Brooks*, 585 S.E.2d at 189). Unlike the cases relied upon by Beaven, the record contains no evidence of prior similar incidents, a pattern of knowingly disregarding hazardous conditions, or other aggravating circumstances from which a jury could infer willful misconduct, wantonness, or conscious indifference to consequences. And while courts have observed that "punitive damages claims in premises liability suits typically only survive summary judgment when the hazard at issue was 'highly dangerous', a 'deadly situation,' or was completely hidden," the surveillance video relied upon by Beaven shows that the spill remained visible on the ground with multiple customers successfully navigating around it before Beaven's fall. *Orr v. Macy's Retail Holdings, Inc.*, No. 4:16-CV-52, 2018 WL 6729821, at *10 (S.D. Ga. Dec. 21, 2018) (quoting *Griffith v. Burger King Corp.*, No. 1:07-CV-1053-TWT, 2008 WL 11407208, at *3 (N.D. Ga. Apr. 22, 2008)).

Thus, the present record would not permit a reasonable jury to find by clear and convincing evidence that Kroger's conduct amounted to "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Kroger is therefore entitled to summary judgment on Beaven's claim for punitive damages.

For similar reasons, the present record would not permit a jury to award litigation expenses under O.C.G.A. § 13-6-11. Litigation expenses are only permitted where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. Beaven does not contend that Kroger has been stubbornly litigious or has caused her unnecessary trouble and expense. Instead, she argues that Kroger acted in bad faith by failing to clean the spill before her fall. Under Georgia law, however, bad faith "requires conduct that is generally indicative of intentional wrongdoing or of a reckless disregard of known harmful consequences and must be more than mere negligence." *Love v. McKnight*, 913 S.E.2d 614, 617 (Ga. 2025). "Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through having some motive of interest or ill will." *Wachovia Bank of Ga., N.A. v. Namik*, 620 S.E.2d

470, 475 (Ga. Ct. App. 2005) (quoting *Jennings Enters., Inc. v. Carte*, 481 S.E.2d 541, 545 (Ga. Ct. App. 1997)).

As discussed above, the evidence relied upon by Beaven may support a finding that Kroger employees failed to timely address the spill.  But the record contains no evidence of a dishonest purpose, moral obliquity, intentional wrongdoing, ill will, or other conduct from which a reasonable jury could find bad faith. Accordingly, Kroger is also entitled to summary judgment on Beaven's claim for litigation expenses under O.C.G.A. § 13-6-11.

### CONCLUSION

For the reasons set forth above, Kroger's motion for partial summary judgment on Beaven's claims for punitive damages and litigation expenses is granted (ECF No. 14).

IT IS SO ORDERED, this 1st day of July, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

6